■ In the Matter of the Arbitration between PHOENIX ASSURANCE COMPANY OF NEW YORK, Appellant, and GEORGE A. DIGAMUS, Respondent.— This appeal involves an uninsured motorist indorsement on a liability automobile insurance policy and the rights of the parties thereto. Respondent George Digamus was injured in a collision with a stolen automobile operated by one William Richards, age 16, an escapee from the Industrial School at Manchester, New Hampshire. The accident took place in Hudson Falls, New York, and at the time Richards was being pursued by the New York State Police. Respondent had an insurance policy with petitioner-appellant insurance company which contained an uninsured motorist's indorsement under which the company agreed: "To pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile * * * provided, for the purposes of this endorsement, determination as to whether the insured * * * is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured * * * and the company or, if they fail to agree, by arbitration." Respondent made a claim under the indorsement which was refused by the company. Thereafter, respondent made a written demand for arbitration under the rules of the designated American Arbitration Association. The company instituted a proceeding in the Supreme Court, Warren County, seeking a stay of the arbitration proceeding upon the ground that Richards was an insured motorist under a policy issued to his father in New Hampshire by the Merchants Mutual Casualty Company. A copy of the policy was not annexed to the petition but one purported to be similar was attached. The petitioner insurance company contends that until the issue as to whether the driver Richards is entitled to protection under his father's policy is determined, the uninsured motorist indorsement in respondent's policy cannot be effective. Arbitration, under the terms of its policy, is limited to the issue of negligence and the resulting question of damages. Whether Richards — at the time an inmate of a correctional institution in New Hampshire — was an insured under the terms of the policy is governed by the following: " (b) With respect to a non-owned automobile * * * (2) any relative, but only with respect to a private passenger automobile * * * not regularly furnished for the use of such relative ". "Relative" is defined as follows: "'relative' means a relative of the named insured who is a resident of the same household." In his answer respondent sets up an affirmative defense contending that Richards did not reside with his father but instead was a resident of the State Industrial School at Manchester, New Hampshire, and objected to the inclusion of any policy other than the one in question. The Special Term determined from the pleadings that the escaped inmate (Richards) was not an insured under the terms of his father's policy and that respondent was entitled to assert his rights under the uninsured indorsement of his own policy. Petitioner having raised the issue as to whether Richards — driver of the car — was an uninsured motorist, the court below should have permitted it to offer any relevant proof to sustain its position and to litigate the question of whether coverage was afforded under his father's policy. The petition must be dismissed upon failure to sustain such contention. Accordingly, the matter is reversed, on the law and the facts, and remitted to the Special Term for further proceedings not inconsistent with this statement, with costs to abide the event. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.