Howard A. Zeller, J.
On October 22, 1962, Susan Dee Short, then 19 years of age, was a passenger in an uninsured auto operated by Charles C. Gloss which skidded and caused her injuries. At the time Miss Short was the holder of an automobile liability policy which contains a standard “New York Automobile Accident Indemnification Endorsement ’ ’ providing, in part, “ 6. arbitration. If any person making claim hereunder and MVAIC do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and MVAIC do not agree shall be settled by arbitration ”.
On December 5, 1962, a guardian was appointed for Miss Short. Thereafter, “Notice of Intention to Arbitrate ” was *683 served on Motor Vehicle Accident Indemnification Corporation (MVAIC). By notice of motion dated November 26, 1963, MVAIC seeks an order dismissing or staying any arbitration proceedings upon the grounds (1) there has been no order permitting arbitration of the infant’s claim and (2) an issue exists to be judicially resolved preliminary to arbitration. By petition verified on December 11, 1963, the guardian seeks permission to submit the infant’s claim to arbitration.
Civil Practice Law and Rules 1209 (derived from Civ. Prac. Act, § 1448) provides that a controversy involving an infant shall not be submitted to arbitration except pursuant to court order. As a matter of discretion, the guardian’s application to submit the matter to arbitration should be granted as of the date of the mailing of the “ Notice of Intention to Arbitrate ”.
MVAIC alleges that Miss Short was not an innocent victim within the meaning of section 600 of the Insurance Law and urges that such issue must be judicially resolved as it is not within the jurisdiction of the arbitrators. It presents an attorney’s affidavit stating that the accident occured at 4 o’clock in the morning, that evidence exists showing the operator of the auto to have spent the preceding night in taverns, and 11 that claimant and the operator may have been under the influence of alcohol to such an extent that they were incapable of exercising reasonable care for their own safety ’ ’.
In support of its position, MVAIC cites Matter of MVAIC (Levy) (17 A D 2d 965). The vehicle in which claimant, Miss Levy, was a passenger had been stolen by the driver. She sought to arbitrate her claim for personal injury damages pursuant to an indemnification endorsement contained in her own liability insurance policy. MVAIC moved to vacate the demand for arbitration npon the ground that she knowingly rode in the stolen vehicle and was not entitled to any award. The memorandum states “If the claimant knew that the automobile had been stolen when she entered it or had remained therein as passenger after acquiring such knowledge despite reasonable opportunity to alight therefrom, she is barred from recovering from the insurer; her remedy, if any, would be against the thief, for she then is not an innocent victim within the meaning of that term as used in subdivision (2) of section 600 of the Insurance Law. * * * The preliminary factual issue should be determined by Special Term ”.
The Levy case holds that a passenger who knowingly rides with the driver who is the thief of the automobile is not one of the “ innocent victims of motor vehicle accidents ” entitled to seek relief under the Motor Vehicle Accident Indemnification *684 Corporation Law. The Levy case does not hold that a claimant who rides with a driver lawfully in possession of an automobile is precluded from having his claim submitted to arbitration unless he first establishes in a court trial his freedom from contributory negligence.
The issue of contributory negligence, even gross contributory negligence, is one for the arbitrators to determine as part of the question whether this claimant ‘ ‘ is legally entitled to recover damages ” pursuant to the endorsement in her policy. Such an issue is not a preliminary one to be determined by the court such as whether the automobile causing the injury was insured or uninsured (Matter of Rosenbaum [American Sur. Co.], 11 N Y 2d 310; Matter of Phoenix Assur. Co. [Digamus], 9 AD 2d 998), or whether timely notice was given to MVAIC (Matter of MVAIC [Brown], 15 A D 2d 578), or whether a claimant knowingly rode with the thief of the automobile.
But even where a preliminary issue or condition precedent to Arbitration is claimed, a court trial will not be granted without an adequate evidentiary showing of the existence of such preliminary issue or condition precedent. (Matter of BeaJcbane [MVAIC], 20 A D 2d 736.) The affidavit submitted here on behalf of MVAIC contains nothing but hearsay information and conclusory statements. Even if this were a ‘1 preliminary issue” or “ condition precedent ” case, the affidavit would be insufficient to demonstrate the right to a judicial hearing. The motion of MVAIC should be denied.