Reynolds, J.
Appeal by the MVAIC from an order of the Supreme Court, Broome County, denying its motion for a stay of arbitration. The sole point remaining here on appeal is whether, in the present posture of this case a preliminary trial prior to arbitration is required as to whether the vehicle in which claimant was a passenger was an uninsured automobile. All that the record contains is a sworn allegation of claimant in her Notice of Intention to make claim that the vehicle was, in fact, an uninsured automobile. The appellant offered nothing to contradict this allegation in the form of proof to the contrary, -nor is it even indicated that appellant investigated the claim pursuant to its statutory obligation (Insurance Law, § 605, subd. [a], par. [1]). Appellant’s position is that claimant has the burden of proof to show that her injury was one'caused by an uninsured vehicle and that her sworn allegation alone is not sufficient to *708 meet the burden. We cannot agree with this contention. In our opinion Special Term correctly held that since appellant was seeking .to stay arbitration, it had the burden of showing the existence of sufficient evidentiary facts to establish a genuine preliminary issue in order to justify a stay (Matter of Beakbane [MVAIC], 20 A D 2d 736; see Matter of Fuscaldo [MVAIC], 24 A D 2d 744; Matter of Short [MVAIC], 42 Misc 2d 682, 684; cf., Matter of Weisburgh [MVAIC], 28 A D 2d 783; Matter of Gardner v. Motor Vehicle Acc. Ind. Corp., 27 A D 2d 783). This initial burden appellant has clearly not met. here and, accordingly, its motion for a stay of arbitration was properly denied. Nothing in Matter of Rosenbaum [American Sur. Co.] (11 N Y 2d 310) or the other eases cited by appellant requires a different result here. In Bosenbaum the majority of the .Court of Appeals held only that if a factual dispute as to whether the owner was uninsured exists, the resolution thereof was for the court not the arbitrators. Here we have found that there is no evidentiary showing that a factual dispute exists and, accordingly, the order appealed from must be affirmed. Order affirmed, with costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.