■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v. THOMAS A. McGOUEY et al., Appellants.— In a proceeding to stay arbitration which had been demanded by appellants, the appeal is from an order of the Supreme Court, Suffolk County, dated August 9, 1972, which granted the application. Order reversed, on the law, with $20 costs and disbursements, and application denied. While an automobile liability insurance policy issued by petitioner and covering appellants was in effect, an accident involving appellant Thomas A. McGouey was caused when an automobile (whose owner is known) driven by an unknown person struck a second car which in turn struck McGouey's vehicle. The uninsured motorist indorsement on the policy provided, *inter alia*, for coverage in the case of an accident involving an uninsured automobile and included an arbitration clause. At issue here is the meaning of the term "uninsured automobile" in the indorsement. For the purposes of this appeal, the two apposite definitions of an "uninsured automobile" in the indorsement are: (1) one for which there is neither cash nor securities on deposit with the Commissioner of Motor Vehicles nor an applicable bodily injury liability bond or insurance policy and (2) a hit-and-run automobile. The relevant portion as to this latter class is defined as follows: "An automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or the owner of such 'hit-and-run automobile'." In our opinion, the hit-and-run clause is controlling and, although it is ambiguous, we believe it must be construed so as to permit arbitration in a situation such as this. The reason for this is two-fold. First, the language, "provided: (1) there cannot be ascertained the identity of either the operator or the owner of such 'hit-and-run automobile'," must mean that it is a hit-and-run vehicle if the identity of either the owner or operator cannot be ascertained. At bar the identity of the operator was not ascertainable. To interpret it as Special Term did, to mean that if either is ascertainable it is not a hit-and-run vehicle, strains the meaning of the terms involved. Second,

to construe it as Special Term did conflicts with subdivision 2-a of section 167 of the Insurance Law, which states, so far as it is relevant: "No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any natural person arising out of the ownership, maintenance and use of a motor vehicle by the insured shall be issued or delivered by any authorized insurer upon any motor vehicle then principally garaged or principally used in this state unless it contains a provision whereby the insurer agrees that it will pay to the insured * * * all sums [subject to certain limitations] * * * which the insured * * * shall be entitled to recover as damages from an owner or operator of an uninsured motor vehicle * * * a stolen vehicle, a motor vehicle operated without permission of the owner, an insured motor vehicle where the insurer disclaims liability or denies coverage or an unregistered vehicle because of bodily injury, sickness or disease, including death resulting therefrom, sustained by the insured, caused by accident occurring in this state and arising out of the ownership, maintenance or use of such motor vehicle. Any such policy which does not contain the aforesaid provision shall be construed as if such condition were embodied therein." Where, as here, the owner of the car used by the hit-and-run driver was identifiable but he was not responsible for the claimant's injuries, the clause is and should be applicable (see *Factory Mut. Liab. Ins. Co. of Amer.* v. *Comfort,* 37 A D 2d 416). Munder, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.