140

In the Matter of the Arbitration between MYRTLE D. CARMICHAEL, Appellant, and GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent.

Third Department, November 4, 1976

*Martin Brickman* for appellant.

*Hesson, Ford, Sherwood & Whalen (Dale M. Thuillez* of counsel), for respondent.

HERLIHY, J. Upon this appeal the defendant does not dispute claimant's claim that on July 4, 1973 she parked her automobile at a certain location and after she had left the automobile and was located in front of it, her automobile rolled forward, striking her and causing personal injuries to her. The defendant does dispute the claimant's contention that immediately before the accident some unknown person reached into her automobile and "did something with his hands".

In May of 1975 the claimant filed a demand for arbitration and the defendant moved to dismiss the demand upon the ground that the claimant's automobile was not an "uninsured automobile" within the meaning of the New York automobile

accident indemnification indorsement which it had issued to the claimant as insurance on her automobile, or in the alternative, to stay arbitration pending a trial on any issues of fact as to whether or not the automobile was an uninsured automobile.

The Special Term found that accepting the contention of claimant that her car was operated by an unknown person so as to cause her injuries, the fact that the owner's identity was known would exclude the car from the definition of hit and run contained in the indorsement. Upon this appeal the defendant does not contend that the car did not meet the definition of a hit-and-run automobile but states that the sole legal issue as to exclusion is so much of the indorsement that specifically excludes "an automobile owned by the named insured" from its coverage for uninsured automobiles including hit-and-run automobiles.

In considering a policy containing the identical definition of a hit-and-run automobile as is contained in this indorsement, the Second Department in the case of *Matter of Allstate Ins. Co. v McGouey* (42 AD2d 730) found that the clause should be interpreted as being hit and run when the owner is known but the operator is unknown. It is apparent from the language used that an insured would not be apt to consider it to mean that both the owner and the operator must be unknown and the ambiguity should be resolved in favor of the insured. Accordingly, the finding of Special Term that the claimant's automobile is excluded from the definition of a "hit-and-run" automobile is reversed.

As noted hereinabove the defendant contends that the claim is excluded because any automobile *owned by the named insured* is excluded from the coverage of the indorsement.

Subdivision 2-a of section 167 of the Insurance Law as applicable herein provides as follows: "2-a. No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any natural person arising out of the ownership, maintenance and use of a motor vehicle by the insured shall be issued or delivered by any authorized insurer upon any motor vehicle then principally garaged or principally used in this state unless it contains a provision whereby the insurer agrees that it will pay to the insured * * * damages from an owner or operator of an uninsured motor vehicle, unidentified motor vehicle which leaves the scene of an accident, a motor vehicle registered in this state as to

which at the time of the accident there was not in effect a policy of liability insurance, a stolen vehicle, *a motor vehicle operated without permission of the owner,* an insured motor vehicle where the insurer disclaims liability or denies coverage or an unregistered vehicle because of bodily injury, sickness or disease, including death resulting therefrom sustained by the insured, caused by accident occurring in this state and arising out of the ownership, maintenance or use of such motor vehicle. Any such policy which does not contain the aforesaid provision shall be construed as if such condition were embodied therein." (Emphasis supplied.)

The statute provides for coverage where a vehicle is "operated without the permission of the owner" and that is expressly what the claimant is contending in the situation in this case. The indorsement herein at issue defines an uninsured automobile as being all of the situations referred to in the statute and then excludes any vehicle "owned by the named insured". The exclusion upon its face would exclude a named insured from recovering in any situation where the automobile causing injury might coincidentally be his own; however, the statute contains no such exclusion from coverage and it covers more than just the situation where an automobile is in fact "uninsured" or where an insurer "disclaims liability or denies coverage". To read the statute as excluding coverage where an insured's own vehicle causes the injury but was nevertheless stolen or operated without his permission would require inserting provisions therein which the Legislature did not insert. In the context of the claim in this case, the exclusion of the insured's own automobile from an "uninsured" automobile is contrary to his status as an insured and the exclusion cannot be held to encompass the situation where his own automobile is used by a person without his permission (cf. *Matter of Knockerbocker Ins. Co. [Faison],* 22 NY2d 554, 559; *Matter of Allstate Ins. Co. v McGouey, supra*).

The claimant contends that any question at all as to her "legal" entitlement to damages is solely for the arbitration as a matter of law pursuant to the terms of the indorsement and CPLR 7501. However, in the case of *Matter of Phoenix Assur. Co. of N. Y. (Digamus)* (9 AD2d 998) the court interpreted a clause similar to that in the indorsement as meaning the arbitration was directed to the questions of negligence and damages. The court in *Matter of Rosenbaum (American Sur. Co. of N. Y.)* (11 NY2d 310) held that preliminary factual

issues as to whether the vehicle was one within the coverage should be determined prior to arbitration under policy language as used herein.

In this regard the record contains three statements. One of those statements is by an eyewitness who affirms that immediately preceding the accident there had been a man reaching inside the automobile. The claimant's passenger has stated that she expressly observed the claimant putting the car in a position known as "park" before leaving the automobile and the claimant's statement recites that she had put the car in "park" and turned off the engine before leaving the vehicle. The claimant also stated that her "park position worked properly". While there is no direct proof that the unidentified man touched the gear shift lever, there is enough to indicate that perhaps by circumstantial evidence the claimant will prove that the man did cause the car to move. There are triable issues of fact and, accordingly, the arbitration should be stayed pending trial of the issues of fact.

The order should be reversed, on the law and the facts, with costs; motion insofar as it seeks a stay of arbitration pending a trial of issues of fact, granted.

KOREMAN, P. J., KANE, MAHONEY and REYNOLDS, JJ., concur.

Order reversed, on the law and the facts, with costs; motion insofar as it seeks a stay of arbitration pending a trial of issues of fact, granted.