**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner–Appellant,**

v.

**Louise NISSEN, Respondent–Appellee.**

**No. 91CA0088.**

Colorado Court of Appeals, Div. V.

Jan. 16, 1992.

Rehearing Denied March 5, 1992.

Certiorari Granted Aug. 31, 1992.

Marc R. Levy, Karen H. Wheeler, Marc Levy & Associates, P.C., Englewood, for petitioner-appellant.

Jack F. Rotole, Paul F. Lumbye, III, Ratole, Jaunarajs, Blanchard & Lumbye, Denver, for respondent-appellee.

Opinion by Judge NEY.

In this matter of first impression, petitioner, State Farm Mutual Automobile Insurance Co., appeals from the judgment in which the trial court held that the uninsured motorist insurance contained in the policy State Farm issued to respondent, Louise Nissen, provided coverage to her for injuries she received in attempting to stop the theft of her car. We affirm.

The parties have stipulated to the facts. Nissen attempted to stop the theft of her car by leaning across her car's windshield. The thief, with Nissen on the hood of her car, struck another vehicle in a head-on collision, injuring all of the parties.

Nissen claimed compensation for her damages under her comprehensive automobile insurance policy issued by State Farm. However, State Farm denied coverage of Nissen's claim under the liability provision of her insurance because the thief was not a permissive driver.

State Farm also denied coverage under the uninsured motorist provision. Its reasoning in doing so was that Nissen's car carried liability insurance (although not ap-

plicable because her car was driven by a thief) and the car was available for Nissen's regular use; therefore, the car did not qualify as an uninsured vehicle.

The trial court concluded that the liability provision did not provide coverage because the thief was a non-permissive driver. However, the trial court further concluded that the uninsured motorist provision was effective in providing coverage to Nissen because the car was effectively uninsured under the liability provision. Therefore, it awarded judgment to Nissen in the amount of the policy limit.

■ State Farm contends the following exclusion bars Nissen's recovery under the uninsured motorist provision of her policy:

An uninsured motor vehicle does not include a land motor vehicle:

1) insured under the liability coverage of this policy;

2) furnished for the regular use of [the plaintiff]

We are not persuaded by State Farm's assertion that *Allstate Insurance Co. v. Feghali,* 814 P.2d 863 (Colo.1991) is dispositive of the issue. *Feghali* merely recognized that the General Assembly had legislatively repealed *Meyer v. State Farm Mutual Automobile Insurance Co.,* 689 P.2d 585 (Colo.1984) which held that the household exclusion clauses there at issue were invalid because they were violative of the public policy of compulsory liability insurance required by the Colorado Auto Accident Reparations Act. And, in response to *Meyer,* the General Assembly enacted legislation which stated that household exclusions are in conformity with the public policy of this state.

The *Feghali* holding is based on the recognition of the specific provision of § 10–4–418(2)(b), C.R.S. (1987 Repl.Vol. 4A), which refers only to household exemptions and makes no reference to the insurance policy exemptions at issue here. We decline to read a broader interpretation into a statute than the clear wording provides.

State Farm also relies on *Terranova v. State Farm Mutual Automobile Insurance Co.,* 800 P.2d 58 (Colo.1990) for its contention that the uninsured motorist provision is not applicable when the insured is a passenger in her own insured vehicle. The uninsured motorist provision in *Terranova* is identical to the provision here and was upheld as unambiguous and enforceable as written. However, the underlying facts of this claim are distinguishable.

In *Terranova,* the insured was a passenger on her motorcycle and the driver was a permissive driver. Therefore, the insured's beneficiaries were able to recover the limits of liability coverage but were denied *further recovery* under the uninsured/underinsured motorist provision. The court in *Terranova* found that insurance indemnification does not require full compensation of losses suffered when an insured exhausts his coverage under the liability provision and then attempts to recover additional compensation under his uninsured motorist coverage. The court stated that allowing the insured subsequently to recover the uncompensated damages from the uninsured motorist would be to allow recovery for a risk excluded by the policy, not paid for by the insured, and not contemplated by Colorado's uninsured motorist legislation.

State Farm contends that the plaintiff here is not covered by the uninsured motorist provision because she, as in *Terranova,* was a passenger of her insured vehicle.

Section 10–4–609(1), C.R.S. (1987 Repl. Vol. 4A) provides:

No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle licensed for highway use in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 42–7–103(2), C.R.S., under provisions approved by the commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of unin-

sured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; except that the named insured may reject such coverage in writing.

The declaration of purpose for the Motor Vehicle Financial Responsibility Act 42–7–102 C.R.S. (1984 Repl.Vol. 17) provides:

In prescribing the sanctions and requirements of this article, it is the policy of this state to induce and encourage all motorists to provide for their financial responsibility for the protection of others, and to assure the widespread availability to the insuring public of insurance protection against financial loss caused by negligent financially irresponsible motorists.

The purpose of the uninsured motorist coverage, therefore, is to compensate innocent accident victims for their damages caused by financially irresponsible motorists. *Terranova, supra.*

■ Insurance provisions have been found unenforceable when a contrary result would violate the legislative intent of the uninsured motorist statute. *Kral v. American Hardware Mutual Insurance Co.,* 784 P.2d 759 (Colo.1989). Additionally, provisions that violate public policy are invalid and unenforceable. *See Terranova, supra.*

Other states have addressed the issue presented here regarding denial of both liability coverage and uninsured motorist coverage and have found that the exclusions under the uninsured motorist, where liability coverage is denied, are unenforceable based on public policy considerations or because they are contrary to legislative intent.

An "uninsured automobile" has been defined as an automobile that has no applicable insurance under the facts and circumstances on which the claim was made. *American Protection Insurance Co. v. Parker,* 150 Ga.App. 732, 258 S.E.2d 540 (Ga.1979).

In *Guiberson v. Hartford Cas. Ins. Co.,* 217 Mont. 279, 704 P.2d 68 (Mont.1985), the plaintiff was injured when he jumped onto his employer's stolen truck to prevent its theft. The driver thief was uninsured, prompting the plaintiff to seek recovery from the employer's uninsured motorist insurance. The Montana Supreme Court interpreted an identical State Farm uninsured motorist provision and held the employee could recover under the employer's uninsured motorist.

The purpose of the Montana uninsured motorist statute was to protect motorists completely from damages by uninsured motorists whatever their status—passenger, driver, or pedestrian. The only restrictions are that the plaintiff must be insured, the defendant motorist uninsured, and that plaintiff be legally entitled to recover. Therefore, the *Guiberson* court concluded that the purpose of the uninsured motorist statute would be defeated if it were to give less coverage for the acts of an uninsured than it gives to an insured. *Accord Comet Casualty Co. v. Jackson,* 125 Ill.App.3d 921, 81 Ill.Dec. 569, 467 N.E.2d 269 (1984). *See Carmichael v. Government Employees Insurance Co.,* 54 A.D.2d 140, 388 N.Y.S.2d 354 (1976) (excluding insured's vehicle from being uninsured vehicle contrary to insured status where the harm suffered was caused by car thief).

Adopting the reasoning of the above courts regarding the interpretation of "uninsured," we conclude that plaintiff's automobile was uninsured while under the control of the uninsured thief and that, therefore, the uninsured motorist provision applies.

This holding is consistent with the General Assembly's intent that uninsured motorist insurance should provide an innocent victim with a remedy for damages suffered as a result of an uninsured motorist.

As the trial court correctly stated in its judgment, under State Farm's contentions, the insured would have been covered by the uninsured portions of her policy if the thief had injured her driving a stolen car not owned by her. Surely the General Assembly did not intend an innocent owner/victim injured in the theft of an insured car to be excluded from the protection of the uninsured motorist statute.

Therefore, we reject as contradictory to the clear intent of the General Assembly, State Farm's contention that the plaintiff is precluded from uninsured motorist coverage when her injuries are caused by a thief operating a vehicle insured by that policy or provided for the regular use of the plaintiff under circumstances that thereby exclude liability coverage. We conclude that the exclusion of coverage under the liability provision resulted in the vehicle being uninsured. Hence, plaintiff was entitled to recover for her damages under the uninsured motorist coverage contained in the policy.

The judgment is affirmed.

REED and DUBOFSKY, JJ., concur.