NO. 94-624

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

LAURIE SIMPSON DAGEL,

Plaintiff and Respondent,

v.

FARMERS INSURANCE GROUP OF
COMPANIES/FARMERS INSURANCE
EXCHANGE,

Defendant and Appellant.

FILED

SEP 29 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Jeffrey Sherlock, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Lyman H. Bennett, III, Morrow, Sedivy & Bennett,
            Bozeman, Montana

        For Respondent:

            John C. Doubek, Kirk S. Bond, Small, Hatch, Doubek
            & Pyfer, Helena, Montana


                        Submitted on Briefs:   June 15, 1995

                                  Decided:   September 29, 1995

Filed:

_____
                  Clerk

Justice James C. Nelson delivered the Opinion of the Court.

The plaintiff, Laurie Simpson Dagel (Dagel), brought an action in the District Court against Farmers Insurance Group of Companies and Farmers Insurance Exchange (Farmers) seeking the benefits of the uninsured motorist provision of the motor vehicle insurance policy issued to her by Farmers. The District Court for the First Judicial District, Lewis and Clark County, granted summary judgment in favor of Dagel. Farmers appeals. We affirm.

We address the following issue on appeal:

Did the District Court err in determining that Dagel was not required to exhaust the policy limits for uninsured motorist coverage of the insurance policy on the vehicle she was operating prior to making a claim for benefits under her own policy's uninsured motorist provision?

## Background Facts

On January 18, 1990, Dagel was involved in a two-vehicle accident in Helena, Montana. The car Dagel was driving was struck from behind by another vehicle after Dagel stopped to allow a pedestrian to cross the street. It was later determined that the vehicle that struck Dagel and the vehicle's driver were uninsured.

Northern Ford, the owner of the car driven by Dagel, was covered by an insurance policy issued by Employer's Mutual Companies (Mutual). This policy included uninsured **motorist** coverage with a policy **limit of $50,000.** Dagel asserted a claim against Mutual under the uninsured motorist provision of Mutual's policy. Eventually, a settlement was negotiated between Dagel and

Mutual in the amount of $30,000; $20,000 less than the available policy limits.

At the time of the accident, Dagel had a motor vehicle insurance policy with Farmers. The policy included uninsured motorist coverage, with a policy limit of $100,000. Dagel asserted a claim against Farmers, seeking the benefits of the uninsured motorist provision.

On February 18, 1994, Farmers filed a motion seeking summary judgment pursuant to Rule 56, M.R.Civ.P. Farmers contended that because Dagel settled for less than the limits for uninsured motorist coverage on the policy issued by Mutual, Dagel could not recover under the uninsured motorist provision of the policy issued by Farmers.

Farmers cited the following language from the uninsured motorist portion of Farmers' policy to support its claim:

> We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements.

Farmers contended that this language prohibited payment of benefits to Dagel under the uninsured motorist provision of the policy issued to Dagel by Farmers because Dagel did not "exhaust" the limits of the uninsured motorist coverage of the Mutual policy.

On March 1, 1994, Dagel filed a cross-motion for summary judgment on the issue of Farmers' liability under its policy. Oral arguments were heard on June 24, 1994. On September 9, 1994, the District Court issued its Order on Motions for Summary Judgment denying Farmers' motion and granting Dagel's cross-motion on the

3

issue of liability.

Farmers subsequently filed a Motion for Clarification regarding the computation of damages and the District Court issued its Order on Motion for Clarification on December 8, 1994. Farmers appeals both orders.

## Standard of Review

Our standard in reviewing a grant of summary judgment is the same as that initially utilized by the district court. Youngblood v. American States Ins. Co. (1993), 262 Mont. 391, 394, 866 P.2d 203, 204 (citing McCracken v. City of Chinook (1990), 242 Mont. 21, 24, 788 P.2d 892, 894). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Youngblood, 866 P.2d at 204.

In Montana, the interpretation of an insurance contract is a question of law. Wellcome v. Home Ins. Co. (1993), 257 Mont. 354, 356, 849 P.2d 190, 192 (citing Truck Ins. Exchange v. Waller (1992), 252 Mont. 328, 331, 828 P.2d 1384, 1386). We review district court conclusions of law to determine if the court's interpretation of the law is correct. Nimmick v. State Farm Mut. Auto. Ins. Co. (Mont. 1995), 891 P.2d 1154, 1156, 52 St.Rep. 208, 209 (citing Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603).

## Discussion

Did the District Court err in determining that Dagel was not required to exhaust the policy limits for uninsured motorist coverage of the insurance policy on the vehicle she was operating

4

prior to making a claim for benefits under her own policy's uninsured motorist provision?

Montana's uninsured motorist statute, § 33-23-201, MCA, bases payment of uninsured motorist benefits on two conditions: (I) the claimant is legally entitled to recover damages from the owner or operator of the uninsured vehicle; and (2) the driver of the vehicle is uninsured. Hubbel v. Western Fire Ins. Co. (1985), 218 Mont. 21, 23, 706 P.2d 111, 112 (citing Oleson v. Farmers Insurance Group (1980), 185 Mont. 164, 166, 605 P.2d 166, 167). The language "legally entitled to recover" means that the insured must have a cause of action against the tort-feasor and must be able to establish fault and the existence of damages. State Farm v. Estate of Braun (1990), 243 Mont. 125, 128, 793 P.2d 253, 254. The basic purpose of the uninsured motorist statute is to provide protection for the automobile insurance policyholder against the risk of inadequate compensation for injuries or death caused by the negligence of financially irresponsible motorists. Hubbel, 706 P.2d at 113 (citing Sullivan v. Doe (1972), 159 Mont. 50, 60, 495 P.2d 193, 198). We have previously stated that this Court does not support provisions placed on uninsured motorist coverage which restrict or thwart available liability coverage that the insured would be entitled to in an accident. Guiberson v. Hartford Cas. Ins. Co. (1985), 217 Mont. 279, 289, 704 P.2d 68, 74.

Farmers admits that if Dagel had exhausted coverage on the Mutual policy, there would be no question that the uninsured motorist coverage provided by the Farmers' policy would be available to Dagel. Farmers contends that the uninsured motorist

5

coverage under Farmers' policy was unavailable to Dagel because Dagel settled with Mutual for an amount less than the available liability limits under Mutual's policy. Dagel did not "exhaust" Mutual's policy limits as required by Farmers' policy. We do not address Farmers' contention that Mutual's policy is "primary" and Farmers' policy is "excess," as we find the interpretation of the exhaustion clause to be the dispositive issue in this case.

Dagel contends that the exhaustion clause in Farmers' policy is unenforceable here because of the language of the clause itself. The clause provides:

> We will pay under this coverage only after the limits of liability under *any applicable bodily injury liability bonds* or *policies* have been exhausted by payment of judgments or settlements. [Emphasis added.1

Dagel argues that the only possible claim she could have made against a bodily injury liability policy would have been against one held by the driver of the other vehicle.

We find Dagel's argument persuasive. In this case there was no other bodily injury liability policy in effect that applied to Dagel's injuries because the driver of the other vehicle was uninsured. In interpreting insurance contracts, the words of the policy are to be understood in their usual meaning; common sense controls. Duensing v. Traveler's Companies (1993), 257 Mont. 376, 381, 849 P.2d 203, 206 (citing James v. Prudential Ins. Co. (1957), 131 Mont. 473, 477, 312 P.2d 125, 127).

The Farmers' policy defines an "uninsured motor vehicle" as one which is "not insured by a bodily injury liability bond or policy at the time of the accident." Accordingly, under Farmers'

6

own definition, since the vehicle that injured Dagel was uninsured, there was no bodily injury liability bond or policy applicable to Dagel's injuries at the time of the accident. Exclusions and words of limitation in a policy must be strictly construed against the insurer. Leibrand v. Nat. Farmers Union (Mont. 1995), 898 P.2d 1220, 1223, 52 St.Rep. 557, 559, (citing Bauer Ranch, Inc. v. Mountain West Farm Bureau (1985), 215 Mont. 153, 156, 695 P.2d 1307, 1309).

Accordingly, we hold that the District Court correctly determined that the exhaustion clause in the Farmers' policy was inapplicable in the present case and that Dagel is entitled to recover under the uninsured motorist provision of the Farmers' policy.

Since neither party argued either for or against the District Court's determination of the portion of damages to be allocated to Farmers, we have not and will not address that issue.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7

September 29, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Lyman H. Bennett, III.
MORROW, SEDIVY & BENNETT, P.C.
P.O. Box 1168
Bozeman, MT 59771-1168

JOHN C. DOUBEK
SMALL, HATCH, DOUBEK & PYFER
P.O. BOX 236
HELENA, MT 59601

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy