No. 01-575

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 145

BARBARA J. BARTELL, Individually,
and as Personal Representative of the
Estate of Gordon L. Bartell, deceased,

        Plaintiff,

    v.

AMERICAN HOME ASSURANCE COMPANY,
a New York corporation,

        Defendant.

CERTIFIED QUESTION FROM:    The United States District Court for the District of
                                Montana, Missoula Division

COUNSEL OF RECORD:

        For Plaintiff:

                Edward K. Duckworth, Duckworth Law Office, P.C., Ronan, Montana

        For Defendant:

                L. D. Nybo, Conklin, Nybo, Leveque & Lanning, P.C., Great Falls,
                Montana

                        Argued and Submitted:  January 29, 2002

                                  Decided:   June 27, 2002

Filed:

             _____
                          Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1   This case is before us on a question certified to this Court by the United States District Court for the District of Montana, Missoula Division.  We accepted certification by our order dated August 30, 2001.

¶2   The certified question presented by the federal court is re-stated as:

> Whether an automobile policy issued in the State of Montana with respect to a motor vehicle registered and maintained in Montana that states: "'Uninsured motor vehicle' does not include any vehicle or equipment: . . . owned by any governmental unit or agency" is in violation of § 33-23-201, MCA, or the public policy of the State.

¶3   The parties stipulated to the following facts pertinent to our review.  The Salish Kootenai College purchased a semi-trailer without wheels and intended to use it as a storage container.  On August 3, 1999, Gordon Bartell and two of his co-employees at the college used a pair of forklifts to move the semi-trailer.  Gordon Bartell provided direction from the ground to his co-employees as they operated the forklifts.  He was killed when he was crushed by the semi-trailer as it was moved or pushed by one of the forklifts.

¶4   The Salish Kootenai College is incorporated as a tribal non-profit corporation.  As of the date of Gordon Bartell's death, the college was insured by a liability insurance policy issued by St. Paul Guardian Insurance Company.  The policy did not provide coverage for bodily injury to an employee arising out of his employment by the college.  As such, the college was uninsured for purposes of this case.

2

¶5    At the time of the accident, Gordon Bartell's own automobile insurance policy issued by the Defendant, American Home Assurance Company (AHAC), included uninsured motorists coverage.   According to the policy, AHAC agreed to pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of  bodily injury sustained by an insured and caused by an accident.  The policy defines an "uninsured motor vehicle" as a land motor vehicle or trailer of any type to which no bodily injury liability bond or policy applies at the time of the accident.  The policy also provides that "uninsured motor vehicle" does not include any vehicle or equipment owned by any governmental unit or agency.  At issue now is this government-owned exclusion.

¶6    The United States District Court concluded that since the uninsured vehicle, the semi-trailer, was owned by the Salish Kootenai College, Inc., a tribal governmental agency, the government-owned exclusion would defeat AHAC's uninsured motorist coverage in this case.  After receiving additional briefing on the applicability of the government-owned exclusion, the United States District Court entered its Certification Order to this Court.

DISCUSSION

¶7    Montana's mandatory uninsured motorist coverage statute, § 33-23-201, MCA, requires all motor vehicle liability insurance policies issued in this state to include uninsured motorist coverage unless the named insured rejects such coverage.  It does not exclude any class of vehicle.   The statute provides:

3

Motor vehicle liability policies to include uninsured motorist coverage- rejection by insured.

(1) No motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle may be delivered or issued for delivery in this state, with respect to any motor vehicle registered and principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in 61-6-103, under provisions filed with and approved by the commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom, caused by an accident arising out of the operation or use of such vehicle. An uninsured motor vehicle is a land motor vehicle, the ownership, the maintenance, or the use of which is not insured or bonded for bodily injury liability at the time of the accident. (2) The named insured shall have the right to reject such coverage . . . .

¶8     Plaintiff, Barbara J. Bartell (Bartell) claims that since § 33-23-201, MCA, contains no exceptions to its mandatory uninsured motorists coverage requirement, the exclusion for government-owned vehicles at issue in this case violates the statute. She also insists that the exclusion is void as a matter of well-established Montana public policy governing uninsured motorist coverage. In support of these arguments, Bartell notes that the majority of jurisdictions with broad uninsured motorist statutes such as Montana's have concluded that government-owned exclusions are void. Finally, Bartell points out that in the face of the Confederated Salish & Kootenai Tribe's sovereign immunity, she cannot look to it for recovery and argues that the enforcement of the government-owned exclusion would violate a Montana insured's reasonable expectations that they will receive adequate compensation for losses caused by an uninsured motorist.

5

Comment [COMMENT1]: P 7

Comment [COMMENT2]: P 14-15

Comment [COMMENT3]: P 12

Comment [COMMENT4]: P 10

Comment [COMMENT5]: P 16-17

¶9    AHAC claims that an insurance company can provide reasonable

Comment [COMMENT6]: D 3

limitations and exclusions in a motor vehicle policy under § 33-23-203(2), MCA, and that the government-owned exclusion is reasonable, valid and enforceable.  AHAC cites cases from several jurisdictions which have upheld the government-owned exclusion.

¶10  Although we have not specifically addressed the validity of government-owned exclusions contained in uninsured motorist coverage policies, we have addressed the public policy and scope of the uninsured motorist coverage statute:

> The purpose of the statute is to protect completely, those willing to accept its protection, from all harm, whatever their status–passenger, driver, pedestrian–at the time of injury, produced by uninsured motorists.  The only restrictions are that the plaintiff must be an insured, the defendant motorist uninsured, and that plaintiff be legally entitled to recover.

*Guiberson v. Hartford Casualty Ins. Co.* (1985), 217 Mont. 279, 289, 704 P.2d 68, 74 (citing *Jacobson v. Implement Dealers Mutual Ins. Co.* (1982), 196 Mont. 542, 547, 640 P.2d 908, 911).  Relying upon *Guiberson*, this Court has stated that it "does not support provisions placed on uninsured motorist coverage which restrict or thwart available liability coverage that the insured would be entitled to in an accident."  *Dagel v. Farmers Ins. Group* (1995), 273 Mont. 402, 406, 903 P.2d 1359, 1361 (exhaustion clause held unenforceable); *State Farm Mutual Auto. Ins. Co. v. Taylor* (1986), 223 Mont. 215, 220, 725 P.2d 821, 824 (no-consent-to-settlement clause held void); *Guiberson*, 217 Mont. at 289, 704 P.2d at 74 (consent provision held inapplicable and irrelevant).  Additionally, we have consistently upheld and relied upon Montana's

6

public policy that "an insurer may not place in an insurance policy a provision that defeats coverage for which the insurer has received valuable consideration." *Ruckdaschel v. State Farm Mutual Auto. Ins. Co.* (1997), 285 Mont. 395, 398, 948 P.2d 700, 702 (citations omitted).

¶11 Other jurisdictions with statutory language similar to Montana's uninsured motorist statute have concluded that insurance policy provisions specifically excluding government-owned vehicles from the category of uninsured motor vehicles are against public policy and, therefore, void and unenforceable. *See* 3 Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance* § 35.10 (rev. 2d ed. 2001); *Cropper v. State Farm Mutual Auto. Ins. Co.* (Del. 1995), 671 A.2d 423, 426-27 (listing the majority of jurisdictions declaring government-owned exclusions void).

¶12  AHAC directs our attention to jurisdictions which have upheld the government-owned exclusion in accordance with statutory language expressly excluding government vehicles from the category of uninsured motor vehicles. *See, e.g., Jones v. Southern Farm Bureau Casualty Co.* (S.C. 1968), 163 S.E.2d 306; *Commercial Union Ins. Co. v. Delaney* (Ky. 1977), 550 S.W.2d 499; and *Francis v. International Service Ins. Co.* (Tex. 1976), 546 S.W.2d 57.  The Nebraska Supreme Court recently discussed the importance of state uninsured motorist statutes to judicial decisions on the government-owned exclusion issue.  Those states without statutes providing for the government-owned exclusion, like Montana, void it while those states with statutes specifically permitting the

7

exclusion find the exclusion enforceable.  *Continental Western Ins. Co. v. Conn* (Neb. 2001), 629 N.W.2d 494, 500-01.  Accordingly, we are not convinced that the decisions cited by AHAC are persuasive in Montana.

¶13  Finally, AHAC's reliance on § 33-23-203(2), MCA, for the proposition that it may  provide reasonable limitations and exclusions on uninsured motorist coverage in a motor vehicle policy is misplaced.  This provision does not "override" § 33-23-201, MCA, and allow for exceptions which are not specifically delineated by the legislature.  Had the legislature chosen to exclude specific vehicles from the uninsured motorist coverage statute, it could have done so.  *See* § 61-6-303(1), MCA (exempting specific vehicles, including government-owned vehicles, from liability insurance requirements).

¶14  In sum, Montana's uninsured motorist statute does not specifically exclude any class of vehicles.  Accordingly, we conclude that the government-owned exclusion in AHAC's policy impermissibly restricts the broad and mandatory coverage of § 33-23-201, MCA.  The exclusion is repugnant to the clear public policy of Montana in favor of uninsured motorist coverage and against any limitations upon complete protection.  We hold that an automobile policy issued in the State of Montana with respect to a motor vehicle registered and maintained in Montana which provides that any vehicle or equipment owned by any governmental unit or agency may not be an uninsured motor vehicle violates § 33-23-201, MCA, and the public policy of this state.

8

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ TERRY N. TRIEWEILER
/S/ JIM REGNIER
/S/ JIM RICE


Chief Justice Karla M. Gray, concurring.


¶15 I concur with the Court's statutory analysis and the conclusion based thereon. I do not agree with the remainder of the Court's discussion and analysis.

¶16 As the Court observes, the certified question from the United States District Court is stated in the disjunctive: whether the automobile policy at issue "is in violation of § 33-23-201, MCA, or the public policy of this State." The Court concludes, and I agree, that the policy violates the statute. The first portion of the certified question having been answered in the affirmative, it is my view that the matter has been resolved and it is entirely unnecessary to go on--via dicta--to the second portion of the certified question.


/S/ KARLA M. GRAY


9