John M. HALL, Administrator with Will Annexed of the Estate of Cecil R. Hall, a/k/a C. R. Hall, Appellant,

v.

ALLIED MUTUAL INSURANCE COMPANY, Appellee.

John M. HALL, Administrator of the Estate of Genevieve M. Hall, Appellant,

v.

ALLIED MUTUAL INSURANCE COMPANY, Appellee.

No. 52849.

Supreme Court of Iowa.

April 9, 1968.

Frank W. Davis, Des Moines, for appellant.

Kent M. Forney, of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellee.

MASON, Justice.

These two cases, consolidated and argued together here, involve the uninsured motorist clause of a family automobile insurance policy issued by defendant Allied Mutual Insurance Company to Cecil R. Hall. John M. Hall, as the personal representative of Cecil R. and Genevieve M. Hall, seeks de-

claratory judgment in this law action construing the contract and determining the proper measure of damages to be applied. The petitions are identical, except in the case involving Mrs. Hall it is alleged she was a passenger in the automobile operated by her husband and was within the coverage of his policy.

I. Part IV Coverage J of the insurance contract provides defendant agrees "to pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."

The issue is whether the measure of damages under the Oklahoma law or the Iowa law is applicable in determining defendant's liability under this particular policy provision.

The cases were submitted to the court without a jury upon a stipulated record. No oral testimony was taken.

As part of this stipulation the parties requested the court to take judicial notice of the Oklahoma Wrongful Death Statute which provides that the personal representative of a decedent may institute an action for wrongful death in which case the damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin to be distributed in the same manner as personal property of the deceased. The action must be commenced within two years.

The parties further stipulated that under Oklahoma law the measure of damages in a death case is determined by the extent to which the deceased contributed to the support of a surviving spouse, child or next of kin, in addition to which the personal representative is entitled to recover for necessary medical and funeral expenses.

Under Iowa law the measure of damages in a death case is the present worth or value of the estate decedent would be reasonably expected to have saved and accumulated as the result of his own efforts from the date of his death if he had lived out the term of his natural life, plus medical expense and the lesser of his funeral expense or the interest thereon over the remainder of his life expectancy.

II. The facts of the cases are not in dispute.

At the time of death of plaintiff's decedents there was in force a family automobile insurance policy issued by defendant to Mr. Hall which by its terms in Part IV thereof afforded contractual coverage to plaintiff's decedents against injury or death resulting from the negligent acts of an uninsured motorist.

The contract of insurance was entered into in Iowa and both parties to it were citizens and residents of Iowa, both at the time of making the contract and at the time decedents died.

Decedents were killed in an automobile accident near McAlester, Oklahoma, November 29, 1963, when the automobile owned by Cecil R. Hall was struck by an automobile driven by Sybil Roach Shook and owned by Ivan L. Shook, both of whom were then residents of Texas.

Sybil Roach Shook was guilty of negligence which was a proximate cause of the death of plaintiff's decedents. The automobile operated by Sybil was at the time of the accident an uninsured automobile. At the time of death neither decedent left a surviving spouse, dependent child or next of kin financially dependent upon them or either of them.

No action has been instituted in Oklahoma against either Sybil or Ivan L. Shook to recover damages in any amount for the wrongful death of plaintiff's decedents. There has been no arbitration of the claims made in behalf of plaintiff's decedents and no demand for arbitration has been made in writing by either party to the other.

■■ There is no question concerning the applicability of the uninsured motorist coverage to this accident. Decedents were driving or riding in an "insured automobile", were struck by an "uninsured automobile" causing their deaths. Thus plaintiff is entitled to recover some amount under the policy in each case. The extent of that coverage is a proper subject for a declaratory judgment action. General Casualty Company of Wisconsin v. Hines, Iowa, 156 N.W. 2d 118, 120, and citations.

If the Oklahoma law is applicable, plaintiff's recovery under the facts will be limited to the fair and reasonable value of the necessary medical and funeral expenses; while if the Iowa law is applicable the amount of damages would be determined by the law of Iowa as set out, supra, in the stipulation of the parties.

III. The trial court held plaintiff's claim was governed by the Oklahoma law and entered judgment accordingly.

The court further held plaintiff's failure to ask for arbitration of the controversy with defendant did not preclude him from seeking the declaratory relief sought in the petition, and plaintiff's failure to institute suit against Sybil R. Shook or Ivan L. Shook before the expiration of two years from the date of the accident did not constitute a violation of the insurance contract which would preclude plaintiff from maintaining this action.

Although additional relief is prayed for, the stipulations state that at this time the trial court is not being asked to make any determination as to the amount of damages, if any, to which plaintiff would be entitled.

Only plaintiff appeals, assigning as error the court's holding that Oklahoma law determines the applicable measure of damages recoverable under the quoted provisions of the insurance contract.

IV. Plaintiff contends that since the insurance contract was entered into in Iowa, between an Iowa insurer and an Iowa insured, it is the state most intimately concerned with the outcome of this litigation and under the "grouping of contacts" or "center of gravity" theory the Iowa, rather than the Oklahoma, measure of damages for wrongful death should be applied.

Defendant argues in support of the court's holding that plaintiff is entitled to no more from defendant than he could have recovered in an action against the Shooks. It contends plaintiff's rights are governed by the contract, and under the insuring agreement the company does not agree to pay all damages of plaintiff or any fixed sum of damages but agrees only "to pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile * * *." Stated otherwise, the company agrees to pay to the same extent and for the same amount as the uninsured motorist. Thus defendant's obligation to pay must be measured by the damages for which the uninsured motorist is legally liable since it is his liability that sets the amount and extent of defendant's liability.

We believe there is merit in defendant's argument. It follows we must determine what sum plaintiff is "legally entitled to recover as damages from" the uninsured motorist.

■ Of course, we assume plaintiff was unable during the period permitted by the statute of limitations to obtain jurisdiction to sue the Shooks in Iowa for the tort committed in Oklahoma, they being neither residents of Iowa nor subject to suit here. We realize that if the Shooks had voluntarily come within the jurisdiction of this state during the period of limitations an original

notice could have been served on them. However, under the pleadings and stipulated facts there is no reasonable basis for finding an action could have been maintained in Iowa against Shooks. Unless a lawsuit could have been maintained in Iowa against them, there would have been no possibility of recovery under the Iowa measure of damages for wrongful death.

Plaintiff, in seeking recovery from the Shooks, would have been limited to a choice of two jurisdictions: Texas, the residence of the wrongdoers, or Oklahoma, under the Non-Resident Motorist Statute of that state, Title 47, Section 391–403, Oklahoma Statutes 1961.

If plaintiff had brought suit in Texas within the period permitted by the statutes of that state, Texas would have followed the Oklahoma law on measure of damages since Oklahoma was the situs of the tort. The courts of Texas have consistently held the question of damages is controlled by the law of the foreign state in which damages arose.

In 1922 in a wrongful death case the Texas Commission of Appeals, in an opinion adopted by the Supreme Court, held although their statute, now Article 4678, Vernon's Ann.Tex.Civ.Stats., required Texas courts to follow the law of Texas in all matters pertaining to procedure, the law of the place where the negligence occurred must be applied as to substantive matters. Jones v. Louisiana Western Ry. Co. (Tex.Com. App.), 243 S.W. 976.

In Marmon v. Mustang Aviation, Inc., 416 S.W.2d 58, 63, decided May 24, 1967, by the Court of Civil Appeals of Texas, Austin, that court said:

"Without discussing in detail the facts and holdings, we summarize results in other cases we regard as significant in the body of case law in this state supporting the rule that the *lex loci delictus* will be applied in tort actions.

"*     *     *     *     *     *

"On the strict question of measure, extent, and amount of damages recoverable in a wrongful death action, the general rule is that determination is by the law of the place where the wrong causing the death occurred, founded on the view that measure, extent, and amount of damages pertain to the substance of the right of recovery, governed by the law of the place where the action arose" (Citing cases).

Although a writ of error was granted in Marmon by the Supreme Court of Texas which has not been determined so far as our research reveals, the law as announced in that case was the law during the period plaintiff could have sought recovery from Shooks in the courts of that state.

On September 6, 1967, in Garza v. Greyhound Lines, Inc., Tex.Civ.App., San Antonio, 418 S.W.2d 595, 597–598, it was said:

"We also decline plaintiff's invitation to re-examine the rule, well established in Texas as of this date, that in a tort action the law of the place of the tort, or the *lex loci delicti,* must be looked to in determining the substantive rights of the parties. * * * We find nothing in the Texas decisions which may be characterized as a trend away from the *lex loci* rule in tort actions, or which has the effect of lessening, in any way, the precedential weight of the Texas decisions applying that rule."

The Oklahoma law on measure of damages as set forth in the stipulation of the parties is set out in Division I, supra.

If plaintiff had pursued his cause of action against the Shooks in the courts of Oklahoma under its Non-Resident Motorist Statute, the result would have been the same. Plaintiff would have been entitled to only medical and funeral expenses since his decedents left no financial dependents. This result is reached by Oklahoma and Texas decisions that in tort actions prosecuted in their courts the law of the place of the tort, the lex loci delicti, must be looked to in determining the measure of damages. It is not brought about by our adopting either the doctrine of lex loci delicti or the "center of gravity" or "grouping of con-

tacts" theory in determining whether the substantive law of Iowa or the foreign state will apply.

The amount plaintiff would have been entitled to recover from Shook having been determined, as stated, this establishes the amount of defendant's liability to plaintiff.

It must be remembered defendant is not liable for its own tort but because it agreed to reimburse plaintiff for Shook's tort. This is not a case of an Iowan's liability for a tort committed in Oklahoma, but a case of a Texan's liability for a tort committed in Oklahoma for which defendant had contractually agreed to pay.

V. Plaintiff's contention presents a conflicts problem which we do not believe belongs in the present case. Among the cases cited by plaintiff as authority for his position are Fabricius v. Horgen, 257 Iowa 268, 132 N.W.2d 410, and Flogel v. Flogel, 257 Iowa 547, 133 N.W.2d 907. We do not believe they aid plaintiff. Those actions were against respective alleged wrongdoers who were either residents of, or subject to suit in, the states where the lawsuits were filed, which were held to have the "most significant contacts" with the disputed matter.

Nor do we believe the contract cases cited by plaintiff where the "center of gravity" or "grouping of contacts" theory was resorted to by the courts sustain plaintiff's contention. The law held to be applicable there related to matters bearing upon the execution, interpretation, validity or performance of a contract.

Our present problem is how much defendant is obligated to pay plaintiff under the insuring agreement. Determination of this question does not involve a conflicts problem.

With directions to the trial court to make a determination of the amount of damages to which plaintiff is entitled in accordance with this opinion, the case is

Affirmed and remanded.

All Justices concur.