MR. JUSTICE MORRISON
delivered the Opinion of the Court.
State Farm Mutual Automobile Insurance Company (State Farm) appeals the November 23, 1984, opinion and order of the Fourth Judicial District Court holding that Stacey Jo Hubbel, individually, as personal representative of her husband’s estate and as guardian ad litem of their children, is entitled to recover damages from State Farm under an insurance policy’s uninsured motorist provisions. We reverse the order of the District Court.
Ronald L. Pearson and David Earl Hubbel were partners, doing business as Alpine Oil. They elected to be covered by Workers’ Compensation Insurance. On April 12, 1983, while acting within the course and scope of their employment, Pearson and Hubbel were killed in an automobile accident. Pearson was driving. It is alleged that Pearson’s negligence was the sole cause of the accident.
Worker’s Compensation benefits were applied for and received by the heirs and/or personal representatives of the decedents. Thereaf *23 ter, respondent, Stacey Jo Hubbel, brought a declaratory judgment action against Western Fire Insurance, the insurer of two vehicles owned by Alpine Oil and State Farm, the insurer of the vehicle involved in the fatal collision, claiming entitlement to uninsured motorist benefits from both companies. The insurance companies denied any obligation to respondent, claiming that neither of the two conditions for receiving uninsured motorist benefits exists.
The parties briefed the issues. Thereafter, the trial judge determined that the two conditions were met and that respondent was entitled to receive the benefits. Western Fire Insurance has since settled with respondent. State Farm appeals, raising one issue:
“Whether respondent is legally entitled to uninsured motorist benefits in addition to any Workers’ Compensation benefits received when the decedent was fatally injured by a co-employee’s negligent operation of a motor vehicle?”
Ron Pearson was the owner and operator of the vehicle involved in the fatal collision. He purchased a standard automobile insurance policy from State Farm to cover the vehicle. The policy provides for uninsured motorist coverage. The liability and the uninsured motorist coverage limits are legally sufficient under Montana law.
The uninsured motorist provisions of the policy and Montana’s uninsured motorist’s statute, Section 33-23-201, MCA, base payment of uninsured motorist benefits on two conditions: (1) the claimant is legally entitled to recover damages from the owner or operator of the uninsured vehicle; and (2) the driver of the vehicle is uninsured. Oleson v. Farmers Insurance Group (1980), 185 Mont. 164, 166, 605 P.2d 166, 167.
We find that neither of these conditions exists. Therefore, respondent is not entitled to uninsured motorist benefits.
I
LEGAL ENTITLEMENT TO DAMAGES
Section 39-71-411, MCA, provides that when an employer has elected to be covered under the Workers’ Compensation Act, that Act provides the exclusive remedy available to employees for the negligent acts of their employer. Section 39-71-412, MCA, and Madison v. Pierce (1970), 156 Mont. 209, 212-216, 478 P.2d 860, 863-866, extend this exclusive remedy to recovery for injuries caused by the negligent acts of co-employees. In case of an employee’s *24 death, the Act also binds “his personal representative and all persons having any right or claim to compensation for his injury or death . . . .” Section 39-71-411, MCA.
Stacey Hubbel’s exclusive remedy is that provided by the Workers’ Compensation Act, so neither Ron Pearson nor his insurer is liable to respondent. Gray v. Margot Inc. (La.App. 1981), 408 So.2d 436, 437-438. Respondent has no cause of action against Ron Pearson. Respondent therefore is not legally entitled to recover damages from Ron Pearson or Pearson’s insurer. Carlisle v. State Department of Transportation and Development (La.App. 1981), 400 So.2d 284, 286.
We approve the rationale on which the Michigan Court of Appeals relied when resolving a similar issue. In Hopkins v. Auto-Owners Insurance Company (1972), 41 Mich.App. 635, 200 N.W.2d 784, an employee was injured as a result of the negligent driving of a co-employee who was also an uninsured motorist. The injured employee, despite conceding his inability to bring a direct action against the tortfeasor because of the exclusive remedy provisions of the Workers’ Compensation Act, sought redress from the uninsured motorist provisions of his employer’s insurer. In affirming an arbitrator’s denial of any liability on the part of the insurer, the court stated:
“Because of the exclusiveness of the workman’s compensation coverage, plaintiff never had a remedy against the tortfeasor. He was never entitled to damages from the negligent motorist. To hold otherwise would be to grant plaintiff a windfall not contemplated by the parties when they entered into their contract of insurance, and not intended by the Legislature in its enactments encouraging the utilization of uninsured motorist coverage [Citations omitted.]” Hopkins, 200 N.W.2d at 786.
Finally, we find the trial judge’s reliance on this Court’s decision in Sullivan v. Doe (1972), 159 Mont. 50, 495 P.2d 193, to be misplaced. In Sullivan, two co-employees were injured as a result of a third party’s negligence. The third party was neither their employer nor a co-employee. Therefore, the Workers’ Compensation Act did not provide the exclusive remedy available to plaintiffs for their injuries. Plaintiffs could seek redress through the uninsured motorist provisions of their employer’s insurance policy.
*25 II
UNINSURED MOTORIST
Trial judge found Ron Pearson to be an uninsured motorist for two reasons. First, Section 39-71-411, MCA, requires that respondent’s exclusive remedy be the Workers’ Compensation Act, so Pearson’s automobile insurance is not applicable. Since the insurance is not applicable, Pearson was operating an uninsured vehicle. Second, State Farm’s refusal to provide coverage under the “bodily injury” portions of its policy resulted in Pearson qualifying as an uninsured motorist. The trial judge’s analysis creates a “Catch-22” situation for the insurance company. First, the insurance policy is not applicable because of the exclusive remedy set forth in the Workers’ Compensation Act. Therefore, the uninsured motorist provision of the policy comes into play, providing insurance coverage in violation of Section 39-71-411, MCA. Second, the insurance company’s refusal to provide coverage because of the exclusive remedy provided by the Act triggers the uninsured motorist provisions, and respondent is once again entitled to a remedy other than that provided for in the Act.
These results are contrary to the intent of the Legislature in creating the uninsured motorist provisions. This Court discussed two reasons for the provision in Sullivan, supra.
“The basic purpose of this statute is obvious — to provide protection for the automobile insurance policyholder against the risk of inadequate compensation for injuries or death caused by the negligence of financially irresponsible motorists.” Sullivan, 159 Mont. at 60, 495 P.2d at 198.
Pearson was not a financially irresponsible motorist. As discussed earlier, he was covered by legally adequate automobile insurance policies. He was an insured motorist.
“The legislative purpose behind the enactment of such statutory provisions on ‘uninsured motorist’ coverage is equally clear. It is simply to place the injured policyholder in the same position he would have been if the uninsured motorist had liability insurance . . . .” Sullivan, 159 Mont. at 60, 495 P.2d at 198.
A corollary to this principle is that uninsured motorist provisions should not be used to place an injured claimant in a better position than he would be under the ordinary provisions of an existing insurance policy. As State Farm states on page ten of its brief, *26 “[W]hether or not Hubbel can recover judgment for his damages against Pearson does not depend, and is not affected, by whether or not Pearson had liability insurance.” Rather, recovery by Hubbel from Pearson is dependent on, and denied by, the exclusive remedy provisions of the Workers’ Compensation Act.
Reversed and remanded for entry of an order consistent with the law set forth in this opinion.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES GULBRANDSON and WEBER concur.