No. 01-786

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 291

DANIEL OKULY, personally and as
Personal Representative of the ESTATE
OF MARY LYN OKULY and on behalf
of MATTHEW OKULY and SHAWN
OKULY, minors; and DEAN BROWN,
and JANELL BROWN,

        Plaintiffs and Appellants,

    v.

USF&G INSURANCE COMPANY and
PRUDENTIAL PROPERTY AND CASUALTY
COMPANY,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and for the County of Cascade, Cause No. BDV-00-052
                The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Gary M. Zadick, Ugrin, Alexander, Zadick & Higgins, Great Falls, Montana

    For Respondents:

        Don M. Hayes, Billings, Montana

Submitted on Briefs:  March 28, 2002

Decided:  October 21, 2003

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1      Daniel Okuly (Okuly), as personal representative of the estate of his deceased wife, Mary Lyn Okuly (Mary Lyn), and on behalf of his minor children, Matthew Okuly and Shawn Okuly (minor children), and his wife's parents, Dean Brown and Janell Brown, appeals the judgment entered by the Eighth Judicial District Court, Cascade County, granting United States Fidelity and Guaranty Company's (USF&G) motion for summary judgment.

¶2      We address the following issue on appeal and affirm:

> Did the District Court err in finding that Okuly could not recover from USF&G a stipulated judgment of $500,000 under the uninsured motorist statute, § 33-23-201, MCA, because Okuly's exclusive remedy was under the Workers' Compensation Act?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3      The facts are undisputed. Mary Lyn was employed by Gasomat. On December 11, 1995, during the course and scope of her employment, she was killed when the vehicle, in which she was a passenger, hit black ice and slid sideways into an oncoming semi-tractor trailer. The vehicle was driven by another Gasomat employee, Todd Adams (Adams), during the course and scope of his employment.

¶4      Gasomat was covered by workers' compensation insurance, and workers' compensation benefits were paid to Okuly and his minor children.

¶5      Okuly brought suit to recover wrongful death and survival damages from Gasomat's general liability insurer, USF&G, and Okuly's insurer, Prudential Property and Casualty Company (Prudential), pursuant to their policies for uninsured motorist benefits.

2

¶6    USF&G refused to defend Gasomat. Subsequently, Gasomat entered into a settlement and confession of judgment agreement. A stipulated judgment was entered into on September 8, 1999, which provided that Okuly was owed $150,000 for separate actions of pre-impact fright, $600,000 for emotional distress claims of individual family members, and $500,000 for wrongful death and survival claims, totaling $1,250,000.

¶7    Okuly sued USF&G and Prudential to collect the $500,000 judgment and moved for summary judgment. Prudential has since settled and is no longer a party to this appeal. USF&G then moved for summary judgment.

¶8    The District Court held that Okuly's remedy was exclusive under the Workers' Compensation Act (the Act). The District Court granted USF&G's motion for summary judgment.

¶9    Okuly now appeals the District Court's judgment.

## STANDARD OF REVIEW

¶10    We review a District Court's grant or denial of summary judgment *de novo*. *Cole ex rel. Cole Revocable Trust v. Cole*, 2003 MT 229, ¶ 8, 317 Mont. 197, ¶ 8, 75 P.3d 1280, ¶ 8. We also review any legal conclusions concerning the grant or denial of summary judgment for correctness. *Gonzales v. Walchuk*, 2002 MT 262, ¶ 9, 312 Mont. 240, ¶ 9, 59 P.3d 377, ¶ 9.

## DISCUSSION

¶11    **Did the District Court err in finding that Okuly could not recover from USF&G**

**a stipulated judgment of $500,000 under the uninsured motorist statute, § 33-23-201, MCA, because Okuly's exclusive remedy was under the Act?**

¶12    Okuly argues that uninsured motorist benefits are mandated unless rejected in writing under the uninsured motorist statute, § 33-23-201, MCA. Relying on our holding in *Sullivan v. Doe* (1972), 159 Mont. 50, 495 P.2d 193, he contends that these benefits cannot be reduced by workers' compensation benefits, because such a reduction is against the policy of the uninsured motorist statute.

¶13    Okuly also argues that his claim under the uninsured motorist statute is a contract claim, not a tort claim. He contends that his claim is a first party claim, brought by him--the insured--directly against USF&G--the insurer. Therefore, because the Act targets tortious conduct of an employer or a co-employee and because his claim is a first party contract claim, Okuly argues that his claim is not barred by the Act. Consequently, Okuly argues that we should overrule our decision in *Hubbel v. Western Fire Ins. Co.* (1985), 218 Mont. 21, 706 P.2d 111, wherein we held that the Act was the injured person's exclusive remedy. *Hubbel*, 218 Mont. at 26, 706 P.2d at 114. Further, Okuly contends that we should apply contract analysis to the claim at issue since the Act is not applicable to recovery of contract damages. In support of this contention, Okuly argues that contract damages can be likened to disability benefits or life insurance benefits which are not excluded by the Act.

¶14    USF&G argues that the uninsured motorist statute only mandates coverage for persons who are "legally entitled to recover damages," and that, under our holding in *Hubbel*, the Act is Okuly's exclusive remedy. Therefore, USF&G contends that because

4

both the uninsured motorist statute and USF&G's policy require him to be legally entitled to recover damages, to which he is not entitled under the Act, Okuly cannot recover the $500,000 stipulated judgment.

¶15 USF&G also argues that our decision in *Hubbel* should not be overruled, as our decision is consistent with the majority of jurisdictions that have already decided this exact issue. Further, USF&G contends that accepting Okuly's argument would, in effect, rewrite USF&G's policy as well as the uninsured motorist statute itself, since both clearly state that a person cannot recover unless that person is legally entitled to do so. Finally, USF&G argues that we should not enforce the stipulated judgment upon which Okuly brings the case at bar because the District Court erred in ordering the judgment.

¶16 Okuly relies on *Sullivan* for his contention that uninsured motorist benefits cannot be offset by workers' compensation benefits. In *Sullivan*, a police officer was injured by an uninsured motorist. Both the police officer and his employer had uninsured motorist coverage. The police officer brought suit against both insurance companies to recover on their uninsured motorist policies. Both policies authorized an offset in benefits paid to the police officer based on the amount the police officer received in workers' compensation benefits. *Sullivan*, 159 Mont. at 52-55, 495 P.2d at 194-96.

¶17 We held in *Sullivan* that an insurance company cannot reduce its liability under its uninsured motorist coverage below the statutory minimum by subtracting the amount of workers' compensation benefits a person has received. *Sullivan*, 159 Mont. at 60-61, 495 P.2d at 198-99. Such reduction, we held, is against the policy behind the uninsured motorist

5

statute, namely "to provide protection for the automobile insurance policyholder against the risk of inadequate compensation for injuries or death caused by the negligence of financially irresponsible motorists." *Sullivan*, 159 Mont. at 60, 495 P.2d at 198.

¶18 USF&G does not seek to reduce its liability through Okuly's receipt of workers' compensation benefits. Rather, USF&G maintains that Okuly is not legally entitled to recover damages under its uninsured motorist policy because Okuly's workers' compensation benefits are his exclusive remedy. We agree.

¶19 We held in *Hubbel* that the decedent's remedy under the Act was exclusive. *Hubbel*, 218 Mont. at 26, 706 P.2d at 114. In order to recover under Montana's uninsured motorist statute, § 33-23-201, MCA, two conditions must be met. First, a claimant must be "legally entitled to recover damages" from the owner or operator of the uninsured motor vehicle. Second, the driver of the motor vehicle must be uninsured. Section 33-23-201(1), MCA.

¶20 The decedent in *Hubbel* was killed in a car accident through the negligence of his co-partner. The decedent's personal representative received workers' compensation benefits, but brought suit against the employer's insurance company for damages under its uninsured motorist policy. We concluded that since neither of the above-two statutory conditions were met, decedent's personal representative was not entitled to uninsured motorist benefits. *Hubbel*, 218 Mont. at 22-23, 706 P.2d at 111-12.

¶21 In reaching our conclusion, we relied on § 39-71-411, MCA, which states specifically: For all employments covered under the Workers' Compensation Act or for which an election has been made for coverage . . . the provisions . . . are exclusive . . . . [A]n employer is not subject

6

> to any liability whatever for the death of or personal injury to an employee covered by the Workers' Compensation Act . . . . The Workers' Compensation Act binds the employee himself, and in case of death binds his personal representative and all persons having any right or claim to compensation for his injury or death . . . .

¶22 Here, Okuly is barred from bringing suit and ultimately recovering from Adams or Gasomat, since Adams was Mary Lyn's co-employee and Gasomat was her employer. As such, under § 39-71-411, MCA, and our holding in *Hubbel*, Okuly's exclusive remedy is that which he already received--the workers' compensation benefits. Like decedent's personal representative in *Hubbel*, Okuly is not "legally entitled to recover damages" from USF&G. Therefore, Okuly cannot meet the conditions of § 33-23-201, MCA.

¶23 Because we conclude that our holding in *Hubbel* is controlling we do not reach USF&G's other arguments.

¶24 We hold that the District Court did not err in granting USF&G's motion for summary judgment.

¶25 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER
/S/ JIM RICE
[end]

7