JUSTICE NELSON
dissents.
f 18 I dissent from the Court’s decision that MACo is not entitled to a collateral source reduction of the jury’s award in this case.
¶19 Section 27-1-308, MCA, the collateral source reduction statute, provides as follows:
(1) In an action arising from bodily injury or death when the total award against all defendants is in excess of $50,000 and the plaintiff will be fully compensated for his damages, exclusive of court costs and attorney fees, a plaintiffs recovery must be reduced by any amount paid or payable from a collateral source that does not have a subrogation right.
(3) The jury shall determine its award without consideration of *113 any collateral sources. After the jury determines its award, reduction of the award must be made by the trial judge at a hearing and upon a separate submission of evidence relevant to the existence and amount of collateral sources. Evidence is admissible at the hearing to show that the plaintiff has been or may be reimbursed from a collateral source that does not have a subrogation right. [Emphasis added.]
¶20 From this language, MACo concludes, correctly in my view, that only when a collateral source does not have a right of subrogation can a party properly reduce a separate damage award. Therefore, MACo is entitled to a reduction of the judgment if the MACo Workers’ Compensation Trust has no subrogation right against Haman’s judgment.
¶21 Section 39-71-414, MCA, provides:
[i]fa,n action is prosecuted as provided for in 39-71-412 or 39-71-413 and except as otherwise provided in this section, the insurer is entitled to subrogation for all compensation and benefits paid or to be paid under the Workers’ Compensation Act. [Emphasis added.]
¶22 Under the plain and unambiguous language of this statute, i.e., the italicized portion, the MACo Workers’ Compensation Trust has no right of subrogation because Haman’s action against his underinsured motorist carrier was not an action brought under either § 39-71-412, MCA, or § 39-71-413, MCA. The latter section provides for an additional cause of action by an injured employee to determine liability of a fellow employee for intentional and malicious actions. Neither party argues that § 39-71-413, MCA, is applicable in this case as Haman’s action was not against a fellow employee for intentional acts. ¶23 Section 39-71-412, MCA, provides for an additional cause of action by an insured against a third party, other than an employer and fellow employee. Specifically, this section provides that:
[t]he right to compensation and medical benefits as provided by this chapter is not affected by the fact that the injury, occupational disease, or death is caused by the negligence of a third party other than the employer or the servants or employees of the employer. Whenever such event occurs to an employee while performing the duties of his employment and such event is caused by the act or omission of some persons or corporations other than his employer or the servants or employees of his employer, the employee or in case of his death his heirs or personal representative shall, in addition to the right to receive *114 compensation under this chapter, have a right to prosecute any cause of action he may have for damages against such persons or corporations.
¶24 Haman did, indeed, bring an additional cause of action against a third party other than his employer or fellow employee. He sued Kofod, the negligent tortfeasor. Kofod settled pretrial.
¶25 Section 39-71-414, MCA, makes repeated reference to third party actions against which subrogation is allowed. Haman’s cause of action at issue here, however, is against his employer and his employer’s uninsured motorist carrier, i.e., MACo. Haman’s action is not a third party tort action but, rather, is a first party contract action. Underinsured motorist coverage is first party coverage which is a carrier’s direct promise to its insured to pay the insured for a loss. Our case law makes clear that such disputes are governed by contract law and not by tort law. See, e.g., Dill v. Thirteenth Judicial Dist. Court, 1999 MT 85, 294 Mont. 134, 979 P.2d 188; State Farm v. Estate of Braun (1990), 243 Mont. 125, 793 P.2d 253.
¶26 Haman’s present action is not a third party action as provided for in either § 39-71-412, MCA, or § 39-71-413, MCA. Haman’s action against MACo is a first party contract action and, as such, does not entitle MACo Workers’ Compensation Trust to subrogation under the italicized language of § 39-71-414, MCA. MACo’s conclusion in this regard is supported by case law of other jurisdictions. See, e.g., Liberty Mut. v. Kinser (Tex. App. 2002), 82 S.W.3d 71 (workers’ compensation insurer not subrogated to the insured’s right to collect from an underinsured motorist insurer because: (1) the underinsured motorist insurer’s obligation is based on a contract; (2) the underinsured motorist insurer did not cause the injuries to the insured; and (3) the underinsured motorist insurer is not a third party); Dodd v. Middlesex Mut. Assur. Co. (Conn. 1997), 698 A.2d 859 (employee’s insurer was “not the alter ego” of the tortfeasor, and, as such, was not the third party because that position was held by the actual tortfeasor); Allied Mutual Insurance Company v. Larriva (Ariz. Ct. App. 1973), 507 P.2d 997 (employee’s insurer cannot be deemed the “alter ego” of the tortfeasor, for it insures the employee against risk of inadequate compensation and not against liability by the tortfeasor); State Comp. Ins. Fund v. Gulf Ins. Co. (Colo. App. 1981), 628 P.2d 182 (uninsured motorist insurer does not become the “alter ego” of the tortfeasor by simply providing protection to its insured for injuries caused by the tortfeasor).
¶27 As MACo stands in a first party relationship to Haman, the MACo *115 Workers’ Compensation Trust has no right of subrogation under § 39-71-414, MCA. As a result, the collateral source statute, § 27-1-308, MCA, applies for past medical benefits and future medical benefits, and MACo is entitled to a dollar-for-dollar reimbursement of the amount paid by the MACo Workers’ Compensation Trust.
¶28 Haman argues that his action to recover personal injury caused by the negligence of Kofod is a third party action under § 39-71-412, MCA. While that is in fact true, the lawsuit here is by Haman against his underinsured motorist carrier, which, as pointed out above, is not a third party action, but is a first party action. Thus, by reason of the italicized language in § 39-71-414, MCA, MACo Workers’ Compensation Trust has no statutory right of subrogation and, therefore, is entitled to the collateral source offset.
¶29 The Court contends that its holding is consistent with Schuff v. A.T. Klemens & Son, 2000 MT 357, ¶ 109, 303 Mont. 274, ¶ 109, 16 P.3d 1002, ¶ 109. In my view, Schuff is inapposite because Schuff involved a third party action, not a first party action. Schuff, ¶ 6.
¶30 Of additional concern, is the Court’s statement that “MACo and Great Northwest ‘stood in the shoes’ of Kofod, for purposes of fulfilling their contractual obligations as underinsured motorist carriers. Consequently, Haman’s action, brought against a third party tort-feasor, and those ‘standing in the shoes’ of the tort-feasor, was brought pursuant to § 39-71-412, MCA (1997).” In this statement, the Court equates MACo and Great Northwest with the tortfeasor himself and by that artifice concluded that Haman’s action against MACo is really a third party action and not what it actually is, a first party action. The Court cites no authority for the proposition that the injured person’s underinsured motorist carrier “stands in the shoes” of the tortfeasor. In this statement, however, the Court has effectively blurred out of existence the distinction between first party and third party actions. Indeed, the majority has adopted the “insurer-is-the-alter-ego-of-the-tortfeasor” rule that other jurisdictions have specifically rejected. See supra ¶ 9.1 cannot agree.
¶31 I would hold that MACo is entitled to a collateral source reduction of the jury’s award in this case, and I dissent from our failure to do so.
JUSTICE LEAPHART and JUSTICE RICE join in the dissent of JUSTICE NELSON.