# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-3305
_____

Gregg Geerdes, Individually and as Administrator Estate of John Matthew
Geerdes; Mary Murphy

*Plaintiffs - Appellants*

v.

West Bend Mutual Insurance Company

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: April 13, 2023
Filed: June 20, 2023
_____

Before SMITH, Chief Judge, MELLOY and ERICKSON, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Gregg Geerdes ("Geerdes"), Mary Murphy ("Murphy"), and the estate of John
Geerdes ("John") brought this action against West Bend Mutual Insurance Company
("West Bend") after West Bend refused to pay claims for uninsured/underinsured
("UM/UIM") benefits under an insurance policy that insured Geerdes, Murphy, and

John.  The district court[1] granted summary judgment in favor of West Bend.  We affirm.

## I.    BACKGROUND

The district court accepted the parties' stipulation of facts giving rise to this action.  In 2018, Iowa residents Geerdes and Murphy purchased a home and automobile insurance policy issued by West Bend ("Policy").  Their son, John, tragically died in 2019 from injuries sustained while a passenger on a charter bus that crashed in British Columbia, Canada.  The bus driver's negligence caused the accident.  The bus driver and the bus company had liability coverage under a policy issued by the Insurance Corporation of British Columbia ("Bus Insurer").  The Bus Insurer paid all the no-fault motorist insurance benefits it was legally obligated to pay under the policy.  Geerdes, Murphy, and John's estate ("plaintiffs") have not sued the bus driver or the bus company, recognizing jurisdiction for any such action lies in British Columbia.

The parties have stipulated that, under British Columbia law, the no-fault insurance benefits paid by the Bus Insurer are the only damages available to plaintiffs other than the costs of John's funeral.  West Bend paid for John's funeral expenses and denied plaintiffs' claim for non-economic damages.  Plaintiffs commenced this action, asserting breach of contract claims against West Bend.

Plaintiffs seek UM/UIM benefits (and additional umbrella coverage) under the Policy.  It is undisputed that the Policy covers accidents in Canada.  The Policy's UM/UIM coverage provisions provide for payment of compensatory damages for bodily injury caused by an accident that an insured is "legally entitled to recover from the owner or operator" of an uninsured or underinsured motor vehicle.  The disputed narrow legal issue is whether the damages plaintiffs are "legally entitled to

---

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

recover" under the Policy are those that would be recoverable where the insurance contract was formed (governed by Iowa law) or where the accident occurred (governed by British Columbia law).

The district court granted summary judgment in favor of West Bend, concluding that under Hall v. Allied Mutual Insurance Co., 158 N.W.2d 107 (Iowa 1968), the phrase "legally entitled to recover" from an uninsured or underinsured motorist prevents plaintiffs from recovering non-economic damages under the Policy because they could not recover such damages from the bus driver or the bus company in a tort action in British Columbia. Plaintiffs appeal.

## II.    DISCUSSION

"In insurance coverage actions involving diversity of citizenship, state law controls our analysis of the insurance policy." Nat'l Am. Ins. Co. v. W & G, Inc., 439 F.3d 943, 945 (8th Cir. 2006) (citation omitted). The interpretation of an insurance policy and whether it provides coverage in a particular situation are questions of law that we review *de novo*. See Nat'l Sur. Corp. v. Ranger Ins. Co., 260 F.3d 881, 884 (8th Cir. 2001) (citation omitted).

Plaintiffs contend the district court erred in concluding that British Columbia law rather than Iowa law determines the extent of plaintiffs' recoverable damages under the Policy. The parties agree that the underlying insurance contract is properly construed under Iowa law. Iowa law requires that an insurance policy be "construed as a whole, giving the words used their ordinary, not technical, meaning to achieve a practical and fair interpretation." Gracey v. Heritage Mut. Ins. Co., 518 N.W.2d 372, 373 (Iowa 1994) (citation omitted). If a policy is ambiguous, the court is to construe the policy in a light most favorable to the insured. Id. (citation omitted).

In Hall, the Iowa Supreme Court interpreted the phrase "legally entitled to recover" in the context of UM coverage. 158 N.W.2d at 109. The court concluded the policy limited the benefits the plaintiff was entitled to receive to the amount

recoverable in a tort action against the tortfeasors where the accident occurred or in the tortfeasors' home state rather than in Iowa, where the insureds resided and the policy was underwritten. Id. at 108-11. The crux of the court's reasoning was that the plaintiff could not have sued the tortfeasors in Iowa because they had no relevant contacts there. See id. at 109-11.

The district court applied British Columbia law, the only court with personal jurisdiction over the bus driver or the bus company, which limited recovery to economic damages only. Applying Hall, as we must, plaintiffs are not "legally entitled to recover" non-economic damages from the bus driver or the bus company and the district court did not err in granting summary judgment to West Bend.

While plaintiffs assert contract conflict of laws principles set forth in the Restatement (Second) of Conflict of Laws ("Restatement") require that Iowa law determine the extent of their recovery, Hall specifically held that no conflict of laws problem exists when the tortfeasor is only subject to personal jurisdiction in courts that would apply identical law. See id. at 110-11. But cf. Cole v. State Auto. & Cas. Underwriters, 296 N.W.2d 779, 780-82 (Iowa 1980) (applying a conflict of laws analysis when Minnesota law and Iowa law differed and where the negligent motorist was unidentifiable). Because, under Hall, the only law that could be applied to the tortfeasors in this case is the law of British Columbia, whether Iowa has adopted the Restatement is immaterial as the Restatement cannot apply in the absence of a conflict of laws.[2]

_____

[2]Although plaintiffs invite us to find Fuhrmann v. Majors, 756 N.W.2d 48 (Iowa Ct. App. 2008) (unpublished table decision), overruled or otherwise abrogated Hall, we decline to do so, as that is the role of the Iowa Supreme Court. For the same reason, we decline to rely on decisions of other state supreme courts that have reached decisions contrary to Hall. See generally State Farm Mut. Auto. Ins. Co. v. Gillette, 641 N.W.2d 662 (Wisc. 2002); State Farm Mut. Auto. Ins. Co. v. Est. of Braun, 793 P.2d 253 (Mont. 1990).

Plaintiffs also assert the enactment of Iowa Code § 516A.1, Iowa's Underinsured Motorist Statute, effectively abrogated Hall. Section 516A.1 requires that an automobile insurance provider offer coverage for certain damages the insured would be "legally entitled to recover" from uninsured or underinsured motorists. Iowa Code § 516A.1(1). However, § 516A.1 only requires that insurance companies offer the type of coverage at issue in this case. The statute does not define what it means for an insured to be "legally entitled to recover" damages from an uninsured or underinsured motorist such that it could abrogate Hall.

Plaintiffs also contend that, consistent with Iowa law, we must interpret the phrase "legally entitled to recover" liberally, not literally. See Hagenow v. Am. Fam. Mut. Ins. Co., 846 N.W.2d 373, 378 (Iowa 2014) (citation omitted). On a few occasions, the Iowa Supreme Court has liberally interpreted the phrase and found plaintiffs "legally entitled to recover" damages from tortfeasors even though the plaintiffs could not recover from the tortfeasors in an action. The common thread in these cases is that they were exceptional and involved circumstances in which procedural rules rather than substantive law operated to preclude the plaintiffs' recovery. See, e.g., Waits v. United Fire & Cas. Co., 572 N.W.2d 565, 571-74 (Iowa 1997) (finding the insured's release of the right to recover from the uninsured motorists did not prohibit an action against the insurance company); Wetherbee v. Econ. Fire & Cas. Co., 508 N.W.2d 657, 658-61 (Iowa 1993) (finding the fact that only the decedent's estate could have had capacity to maintain an action against the tortfeasor did not prevent the insured decedent's wife from bringing a suit against the insurance company). On the other hand, the Iowa Supreme Court has not held that a plaintiff would be "legally entitled to recover" from a tortfeasor who was not liable or who had a defense under substantive law with respect to the requested amount of damages. See Wetherbee, 508 N.W.2d at 661 (stating an insured may recover only if the insured has "suffered damages caused by the fault of the underinsured motorist and [is] entitled to receive those damages"); see, e.g., Hagenow, 846 N.W.2d at 378-79 (finding plaintiffs were not entitled to recovery when a jury found the alleged tortfeasor was not negligent); Otterberg v. Farm Bureau Mut. Ins. Co., 696 N.W.2d 24, 28-31 (Iowa 2005) (finding a plaintiff was

not entitled to recovery when a workers' compensation statute precluded recovery from the tortfeasors). Here, as a matter of substantive British Columbia law, neither the bus driver nor the bus company could be liable to plaintiffs for non-economic damages.

Finally, plaintiffs assert the "Available Insurance Provision" within the Policy entitles them to recover non-economic damages. Plaintiffs reason this provision allows West Bend to reduce its coverage only by amounts plaintiffs can actually receive, and plaintiffs assert that if they cannot recover non-economic damages under British Columbia law, they cannot actually receive these damages. The text of the provision does not support plaintiffs' position. The plain language of this provision provides only that West Bend may "reduce" its otherwise applicable coverage by certain other amounts available. Where, as here, the insurer has no liability under the Policy's coverage provisions, the Available Insurance Provision does not operate as an affirmative grant of coverage extending to what are otherwise uncovered losses.

## III.   CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

_____